Filed 6/28/21  P. v. Barnett CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL BARNETT, JR.,<br><br>    Defendant and Appellant. | G059192<br><br>(Super. Ct. No. FSB053188)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of San Bernardino, John M. Tomberlin, Judge.  Affirmed.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Michael Barnett, Jr., appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1]  The trial court summarily denied the petition, concluding defendant was ineligible for relief as a matter of law because he was convicted of conspiracy to commit murder.

On appeal, defendant contends the trial court erred by relying on the conspiracy conviction to deny his petition.  Among other things, he notes the trial court instructed the jury on the natural and probable consequences doctrine as one of the theories for his murder conviction.  For the reasons below, we agree with the trial court that defendant is not entitled to resentencing as a matter of law because the jury found him guilty of conspiracy to commit murder, which expressly included an intent to kill.

**FACTS**

In 2008, a jury convicted defendant of second degree murder (§ 187, subd. (a); count 1), two counts of attempted murder (§§ 187, subd. (a), 664; counts 2 & 3), conspiracy to commit murder (§ 182, subd. (a); count 4), and shooting at an inhabited dwelling (§ 246; count 5).  The jury also found firearm and gang enhancements to be true on all counts (§§ 186.22, subd. (b)(1), 12022.53, subd. (c)-(e).)

The trial court sentenced defendant to a total indeterminate sentence of 101 years to life in state prison as follows:  (1) 15 years to life on count 1, plus 25 years to life for the firearm enhancement; (2) a consecutive term of nine years on count 2, plus 25 years to life for the firearm enhancement; and (3) a consecutive term of seven years to life on count 3, plus 20 years for the firearm enhancement.  The trial court also imposed and stayed sentences on counts 4 and 5 pursuant to section 654 and the gang enhancements pursuant to section 12022.53, subdivision (e)(2) .

Another panel of this court affirmed a modified judgment in 2011.  (*People v. Barnett* (July 28, 2011, FSB053188) [nonpub. opn.] (*Barnett I*).)  As noted in the prior

_____

[1]  All further statutory references are to the Penal Code.

opinion, defendant was convicted of second degree murder "for the senseless shooting death of [an] 11-year-old [girl], who died in a fusillade of bullets defendants and their cohorts fired into the wrong apartment in a mistargeted, retaliatory gang strike." (*Barnett I*, *supra*, G041416.) "The jury also convicted [defendant] of two counts of attempted murder for seriously wounding the victim's 14-year-old sister and for earlier mistargeting a compatriot just before the fatal barrage." (*Ibid.*) Additional factual details concerning the crime may be found in this court's prior opinion.

In 2019, defendant filed a petition seeking resentencing pursuant to section 1170.95. He requested his second degree murder conviction be vacated because his conviction was based on an application of the felony murder doctrine or natural and probable consequences doctrine. The People filed an informal response and argued defendant failed to set forth a prima facie case for relief because he did not support his petition with any evidence in the record.

At an April 2019 hearing, a conflict panel attorney appeared on behalf of defendant. The prosecutor argued defendant was not eligible for resentencing because he was "not only convicted of murder but was convicted of conspiracy to commit murder." The trial court agreed and found "the conspiracy conviction [took] him out of eligibility for resentencing." Given the conspiracy conviction, the trial court found defendant did "not [make] a prima facie showing of eligibility for resentencing . . . ."

## DISCUSSION

*Applicable Law and Standard of Review*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."

3

(Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished that purpose by substantively amending sections 188 and 189 and adding section 1170.95.

Under section 188, subdivision (a)(3), as amended, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." And under section 189, as amended, to be liable for murder based on felony murder or a natural and probable consequences theory, a person must fall into one of the following categories of people: (1) the actual killer; (2) although not the actual killer, a person who intended to kill and assisted the actual killer in the commission of first degree murder; or (3) a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).)

Persons convicted of felony murder or murder under a natural and probable consequences theory may seek resentencing pursuant to section 1170.95. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) The process begins by the person filing "a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).) Next, the trial court examines whether the petition is facially sufficient to show eligibility for relief. (§ 1170.95, subd. (b)(2); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, review granted March 18, 2020, S260493.)

If the petitioner makes this facial showing of eligibility, the court reviews readily ascertainable information, such as the record of conviction, to determine if the petitioner is ineligible for relief as a matter of law. (*People v. Verdugo, supra*, 44 Cal.App.5th at pp. 329-330; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted March 18, 2020, S260598 [to evaluate prima facie showing, trial court may rely on record of conviction, including appellate opinion concerning underlying conviction].) "[I]f the petitioner's ineligibility for resentencing under section 1170.95 is not established as a matter of law by the record of conviction, the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested)

4

to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief. (*People v. Verdugo, supra*, 44 Cal.App.5th at p. 330.) Following briefing, if the trial court is convinced the petitioner has established a prima facie case of entitlement to relief, the court must issue an order to show cause, and thereafter hold a full hearing on the issue of entitlement. (§ 1170.95, subds. (c) & (d)(1).)

Here, we review the trial court's order denying defendant's petition de novo. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 981). We also note defendant did not designate the record in the prior appeal as part of the record in this appeal and instead cited to portions of the prior record in his opening and reply briefs. Because the People did not raise any objection to defendant's reference to the prior record and in an abundance of caution, we take judicial notice of the record in the prior appeal on our own motion.

*Defendant is not entitled to resentencing as a matter of law.*

Defendant argues "the court erred in relying on the conspiracy to commit murder conviction to deny the petition at the prima facie stage because the conspiracy was to murder someone other than the ultimate murder and attempted murder victims." According to defendant, the conspiracy was to murder rival gang members, but the actual victims were "accidental victims." He accordingly contends "the conspiracy verdict shows [he] intended to kill a rival gang member" but "it is still entirely possible [he] was convicted of murder as well as attempted murder of the girls . . . as a natural and probable consequence aider and abettor based on either a conspiracy or brandishing [a firearm] theory."

With respect to the two attempted murder counts, defendant was ineligible for relief. This court and several others have found Senate Bill 1437 does not apply to attempted murder. (*People v. Dennis* (2020) 47 Cal.App.5th 838, 844-846, review granted July 29, 2020, S262184 (*Dennis*); *People v. Love* (2020) 55 Cal.App.5th 273,

5

278-279.) Defendant has not persuaded us to reverse our conclusion in *Dennis* or to ignore the weight of authority that a defendant convicted of attempted murder is ineligible for relief under section 1170.95.

With respect to the second degree murder conviction, the trial court correctly determined defendant was ineligible for resentencing because of the jury's guilty verdict on the conspiracy to commit murder charge. On the conspiracy count, the trial court provided CALCRIM No. 563, which instructed the jury that defendant had to have an intent to kill to be guilty of conspiracy to commit murder. The instructions provided in relevant part: "To prove that a defendant is guilty of [conspiracy to commit murder], the People must prove that: [¶] 1. The defendant intended to agree and did agree with the other defendant . . . to intentionally and unlawfully kill; [¶] 2. At the time of the agreement, the defendant and one or more of the other alleged members of the conspiracy intended that one or more of them would intentionally and unlawfully kill . . . ." Thus, the jury's guilty verdict on the conspiracy count necessarily required the jury to find defendant harbored a specific intent to unlawfully kill another human being. (*People v. Johnson* (2013) 57 Cal.4th 250, 263-264 ["'A conviction of conspiracy requires proof that the defendant and another person had the specific intent to agree or conspire to commit an offense, *as well as the specific intent to commit the elements of that offense,* together with proof of the commission of an overt act . . . .'"], italics added.) The jury accordingly could not find the second degree murder count was based on a natural and probable consequences doctrine.

Relying on CALCRIM Nos. 403 and 417, defendant argues the "jurors were instructed on the natural and probable consequence doctrine in both the aiding and abetting and conspiracy instruction." The trial court provided the following CALCRIM No. 403 instruction: "To prove that a defendant is guilty of Murder and/or Attempted Murder, the People must prove that: [¶] 1. The defendant is guilty of Brandishing a Firearm; [¶] 2. During the commission of Brandishing a Firearm a co-participant in that

6

Brandishing a Firearm committed the crime of Murder and/or Attempted Murder; [¶] AND [¶] 3. Under all of the circumstances, a reasonable person in the defendant's position would have known that the commission of the Murder and/or Attempted Murder was a natural and probable consequence of the commission of the Brandishing a Firearm."

CALCRIM No. 417 also instructed the jury that "[t]o prove . . . a defendant is guilty of the crimes charged in Counts 1 [murder], 2 [attempted murder], 3 [attempted murder], and 5 [shooting at an inhabited dwelling], the People must prove that: [¶] 1. The defendant conspired to commit one of the following crimes: Brandishing a Firearm and Murder; [¶] 2. A member of the conspiracy committed Murder, Attempted Murder, or Shooting at an Inhabited Dwelling to further the conspiracy; [¶] AND [¶] 3. Murder, attempted murder, or shooting at an inhabited dwelling were natural and probable consequences of the common plan or design of the crime that the defendant conspired to commit." The instruction further informed the jury a conspirator "'is . . . criminally responsible for any act of any member of the conspiracy if that act is done to further the conspiracy and that act is a natural and probable consequence of the common plan or design of the conspiracy.'"

When viewed in their proper context, these jury instructions do not change our conclusion. As the prosecutor argued in closing argument, the "[m]ost basic" way to find defendant was guilty of murder was if he aided and abetted the murder. According to the prosecutor, another person was the shooter, and defendant aided and abetted the shooter by acting as a lookout. As an alternative theory, the prosecutor noted the murder could have been the natural and probable consequence of brandishing a firearm in a rival gang's territory. But the prosecutor emphasized "you don't have to mess with any of this [regarding the natural and probable consequence theory] if you find there was an intent to kill with malice aforethought . . . ." Here, the jury's guilty verdict on conspiracy to commit murder indicated the jury found defendant directly aided and abetted the murder.

7

In other words, the jury necessarily found the second degree murder count was based on defendant's intent to kill and not a natural and probable consequences doctrine as defendant claims.

Finally, defendant's argument that he only intended to kill rival gang members is unavailing. Firing into the apartment was an act in furtherance of the conspiracy to commit murder. It does not matter that defendant and his coconspirators intended to kill rival gang members rather than the actual victim. Their intent to murder rival gang members transferred to the actual victim. (*People v. Bland* (2002) 28 Cal.4th 313, 320-321.) For the foregoing reasons, defendant was ineligible for relief under Senate Bill 1437.

## DISPOSITION

The postjudgment order denying defendant's petition for resentencing is affirmed.

THOMPSON, J.

WE CONCUR:

MOORE, ACTING P. J.

FYBEL, J.